14 F.3d 600
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Barry G. CONN, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS, et al., Defendants-Appellees.
 No. 93-1647.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1993.
 
 Before MERRITT, Chief Judge, and NELSON and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from a summary judgment for the defendants in a prisoner civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. See Rule 34(a), Fed.R.App.P.
 
 
 2
 The plaintiff, Barry G. Conn, is serving a 25-50 year sentence in the Michigan prison system. On September 13, 1989, a prison guard found Mr. Conn preparing betting slips on a typewriter. A hearing officer subsequently determined that Mr. Conn was guilty of violating Prison Rule 038, which prohibits possession of gambling paraphernalia; as a result, Mr. Conn says, he was placed in administrative segregation for approximately 115 days and was subjected to other penalties. (We note parenthetically that Mr. Conn has a long history of gambling-related infractions of the prison rules.)
 
 
 3
 Mr. Conn filed a civil rights complaint alleging, among other things, that Rule 038 is unconstitutionally vague and overbroad. The complaint quoted the rule, which is captioned "Gambling: Possession of Gambling Paraphernalia," as prohibiting the following conduct:
 
 
 4
 "Playing games or making bets for money or anything of value; possession of gambling equipment, or other materials commonly associated with wagering."
 
 
 5
 Focusing on the phrase "other materials commonly associated with wagering," Mr. Conn contended that the rule is invalid on its face because it could be used to punish possession of newspapers, magazines, and other innocuous materials without proof of any nexus to gambling activities within the prison.
 
 
 6
 The district court believed that Mr. Conn's overbreadth claim might have some merit, under the First and Fourteenth Amendments, but that Mr. Conn lacked standing to make such a challenge because he could demonstrate no violation of his individual rights. Whatever the validity of the overbreadth claim, we agree that Mr. Conn is in no position to pursue it.
 
 
 7
 Rule 038 specifically prohibits possession of "gambling equipment." The betting slips typed by Mr. Conn constituted gambling paraphernalia, or "equipment," pure and simple. It was not necessary to invoke the "other materials" phrase to find Mr. Conn in violation of the rule. Mr. Conn was not punished because the prison officials thought they might have detected a faint whiff of gunpowder about him; he was punished because they caught him with a smoking gun.
 
 
 8
 In a non-prison context, a "realistic danger" that a regulation "will significantly compromise recognized First Amendment protections of parties not before the [c]ourt" may be enough to negate the general rule that a volunteer cannot sue to vindicate the constitutional rights of others. See City Council of the City of Los Angeles v. Taxpayers for Vincent, 466 U.S. 789, 801 (1984). In the prison context, however, prisoners' constitutional interests are balanced against the state's interest in the efficient operation of its prisons. See Brown v. Johnson, 743 F.2d 408, 411 (6th Cir.1984), cert. denied, 469 U.S. 1215 (1985). The state of Michigan has a strong interest in prohibiting gambling in its prison system, and Mr. Conn has no corresponding interest in protecting his fellow prisoners against possible misuse of Rule 038. We have no reason to suppose that the overbreadth doctrine was intended to give every prisoner a roving commission to purge prison regulations of every stray phrase that someone might consider "overbroad" in a theoretical sense.
 
 
 9
 If Mr. Conn did have standing to challenge the "other materials" phrase, moreover, he would still lose his lawsuit; we are satisfied that inclusion of the "other materials" language did not make Rule 038 invalid on its face. The rule must be given a reasonable interpretation, having regard to the prison environment for which it was devised, and it would not be reasonable to interpret the rule as prohibiting the possession of newspapers and magazines not shown to have any nexus to gambling. The rule is undoubtedly capable of being applied arbitrarily and capriciously, but that is true of every rule, regulation, and statute ever written. The possibility that a rule may be misapplied hardly makes the rule invalid. If at some future time Rule 038 should be applied in an unconstitutional manner, the courts will be available to deal with the problem; the rule clearly was not applied in an unconstitutional manner here, and we do not consider it unconstitutional on its face.
 
 
 10
 Accordingly, and because we see no merit in any of Mr. Conn's other contentions, the judgment of the district court is AFFIRMED. Rule 9(b)(3), Rules of the Sixth Circuit.